IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANET PALEK and RICHARD PALEK**, | ) | Civil No.   20-170 |
| | ) | |
| | ) | SENIOR JUDGE JOY FLOWERS CONTI |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

**MEMORANDUM OPINION**

## I.   Introduction

Pending before the court is the motion to dismiss for failure to state a claim filed by defendant State Farm Fire and Casualty Company ("State Farm"). (ECF No. 11.)  On March 3, 2020, Janet and Richard Palek ("plaintiffs") filed their First Amended Complaint asserting two state law claims: 1) a claim for breach of contract and 2) a claim for bad faith insurance practices, in violation of 42 Pa. Cons. Stat. § 8371. (ECF No. 10 ¶¶ 20-27.) On March 16, 2020, State Farm filed a motion to dismiss for failure to state a claim and a brief in support, (ECF Nos. 11, 12), and plaintiffs filed a brief in opposition. (ECF No. 13.) State Farm's motion to dismiss is now fully briefed and is ripe for decision by the court.

## II.   Background[1]

Plaintiffs executed a property insurance contract (the "Policy") with insurance provider State Farm. The Policy provides coverage for accidental and direct physical loss to, among other

---

[1] The background is taken from the first amended complaint and all factual allegations in that complaint are accepted as true for the purpose of resolving the instant motion to dismiss. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).

things, the in-ground swimming pool on plaintiffs' property. (ECF No. 10 ¶ 7.) In June 2018, plaintiffs emptied their swimming pool of water, in order to perform routine maintenance. (Id. ¶ 9.) On June 11, 2018, plaintiff Janet Palek noticed that the swimming pool's liner had been pushed up and out of its bed. (Id. ¶ 11.) Plaintiffs immediately reported the damage to State Farm. (Id. ¶ 12.) State Farm sent an adjuster to evaluate the damage to the swimming pool; plaintiffs allege that the adjuster "spent less than five minutes looking at the pool." (ECF No. 10 ¶ 14.) State Farm subsequently decided that the damage was not covered under the Policy. State Farm allegedly informed plaintiffs that the damage was caused by earth movement and was therefore excluded under the Policy. (Id. ¶¶ 14, 15.)

Plaintiffs retained an independent contractor to inspect the damage to the swimming pool. (Id. ¶ 13.) The contractor informed plaintiffs that the damage to the swimming pool was caused by a "mechanical failure that led to a build-up of water that pushed the pool's liner up." (Id. ¶ 13.) Plaintiffs notified State Farm about the contractor's opinion concerning the cause of the damage to the swimming pool. (ECF No. 10 ¶ 16.) State Farm maintained its position that the damage was excluded under the Policy. (Id. ¶ 17.)  Plaintiffs assert that it will cost $70,000 or more to repair the damage. (Id. ¶ 19.) State Farm subsequently issued plaintiffs a new insurance policy that, plaintiffs allege, explicitly excludes coverage for the swimming pool. (Id. ¶ 18.)

Plaintiffs assert that State Farm committed a breach of contract by failing to pay for the costs to repair the swimming pool. Plaintiffs also claim that State Farm acted in bad faith by denying the benefits under the policy without having a reasonable basis to do so.

### III.     Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a

motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (quoting Twombly, 550 U.S. at 556) (internal citations omitted).

The Court of Appeals for the Third Circuit has instructed that "a court reviewing the sufficiency of a complaint must take three steps." Connelly v. Lane Constr. Corp., 809 F.3d 780, 787 (3d Cir. 2016). The court of appeals explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d

> Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the
> assumption of truth."(citation and editorial marks omitted)). Finally, "[w]hen
> there are well-pleaded factual allegations, [the] court should assume their veracity
> and then determine whether they plausibly give rise to an entitlement to relief."
> Iqbal, 556 U.S. at 679.

Id. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citing Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)). A plaintiff must set forth "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" of the elements of the claim for relief. Connelly, 809 F.3d at 789; Trzaska v. L'Oreal USA, Inc., 865 F.3d 155, 162 (3d Cir. 2017).

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."   Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). "Generally, 'to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment.'" Colbert v. Mercy Behavioral Health, 845 F.Supp.2d 633, 637 (W.D. Pa. 2012) (quoting Anjelino v. New York Times Co., 200 F.3d 73, 88 (3d Cir.1999)). "However, in resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or are essential to a plaintiff's claim which are attached to a defendant's motion." Id. (citing Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993)).

The United States Court of Appeals for the Third Circuit has instructed that "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. Cty. of Allegheny, 515 F.3d 224, 236 (3d

4

Cir. 2008). An amendment is futile if the amended complaint cannot withstand a renewed motion

to dismiss. Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000).

## IV.   **Motion to Dismiss Count One: Breach of Contract**

### A.   **Suit Limitation Provision**

State Farm contends that, even if the Policy does provide coverage for the damage to

plaintiffs' swimming pool, plaintiffs' breach of contract claim is barred by the one-year suit

limitation provision. The limitation provision states that "[n]o action shall be brought unless

there has been compliance with the policy provisions. The action must be started within one year

after the date of loss or damage." (ECF No. 10-1 at 30.) Plaintiffs respond that the suit limitation

provision does not apply in the instant case because they have also asserted a claim for bad faith

insurance practices.

The general statute of limitations for a breach of contract claim under Pennsylvania law is

four years. 42 Pa. Cons. Stat. § 5525. Under Pennsylvania law, however, "the parties to a

contract may validly limit the limitations period to a shorter time 'which is not manifestly

unreasonable.'" Palmisano v. State Farm Fire and Cas. Co., Civ. Action No. 12-886, 2012 WL

3595276, at *9 (W.D. Pa., Aug. 20, 2012)  (quoting 42 Pa. Cons. Stat. § 5501); Gen. State Auth.

v. Planet Ins. Co.,  346 A.2d 265 (Pa. 1975). Pennsylvania courts and federal courts applying

Pennsylvania law have routinely upheld contractual limitations periods of one year as

reasonable. Palmisano, 2012 WL 3595276, at *9 (collecting decisions).

"Even when properly pled, a suit limitation clause can be subject to the defenses of

waiver and estoppel." Prime Medica Assoc. v. Valley Forge Ins. Co., 970 A.2d 1149, 1156 (Pa.

Super. Ct. 2009). "Waiver is the voluntary and intentional abandonment or relinquishment of a

known right[,]" and "'may be established by a party's express declaration or by a party's

undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary.'" Id. at 1156-57 (quoting Samuel J. Marranca Gen. Contracting Co., Inc. v. Amerimar Cherry Hill Assoc. Ltd. P'ship, 610 A.2d 499, 501 (Pa. Super. Ct. 1992)); Palmisano, 2012 WL 3595276, at *11 (finding no plausible claim for waiver in the context of a motion to dismiss where the insurer quoted the limitations clause in its denial letter and reminded the insured that the clause would be enforced).

"An insurer will be estopped from raising the suit limitation defense if there is clear and convincing evidence that the insurer induced the insured to justifiably rely, to the insured's detriment, on the insurer's words or conduct reflecting a decision not to invoke the defense." Williams v. Allstate Vehicle & Prop. Ins. Co., Civ. No. 18-0675, 2018 WL 4100681, at *5 (E.D. Pa., Aug. 27, 2018) (citing Prime Medica Assoc., 970 A.2d at 1157); Palmisano, 2012 WL 3595276, at *10 (finding no plausible claim for estoppel where the insurer promptly investigated the insured's claim and notified the insured of its coverage decision in less than four months after the loss was identified); Lardas v. Underwriters Ins. Co.,  231 A.2d 740 (Pa. 1967) (finding that plaintiff did not establish waiver or estoppel where the record contained no evidence that the insurer persuaded or induced the insured to refrain from commencing suit).

"The determination of whether waiver or estoppel has occurred is a conclusion of law." Reinhart v. Erie Ins., No. 2034 MDA 2014, 2015 WL 6159391, at *7 (Pa. Super. Ct., Apr. 30, 2015). "The insured must establish a factual basis to assert the defense of waiver or estoppel." Prime Medica Assoc., 970 A.2d at 1157. This means the insured "must present 'reasonable grounds for believing that the time limit would be extended' or the insurer would not strictly enforce the suit limitation provision." Williams, 2018 WL 4100681, at *5 (quoting Reinhart, 2015 WL 6159391 at *7). "While Pennsylvania courts have applied the principles

of waiver and estoppel to suit limitation provisions, the use of waiver and estoppel has been limited to instances in which the insurer is responsible for the delay." Id. at *6 (collecting decisions).

This court finds, in accordance with similar decisions issued by Pennsylvania courts and federal courts applying Pennsylvania law, that the one-year limitation provision expressed in the Policy is not manifestly unreasonable and must be given effect. Plaintiffs allege that the damage to the swimming pool was identified on June 11, 2018. (ECF No. 10 ¶ 11.) The instant action was initiated in the Court of Common Pleas of Allegheny County on October 31, 2019. Plaintiffs did not initiate this action within one year of the date of the alleged loss or damage. Plaintiffs did not assert any factual allegation to support a finding of waiver or estoppel. Plaintiffs' claim for breach of contract, therefore, is barred by the one-year suit limitation provision.

### B.   Coverage Under the Policy

Even if the suit limitation provision did not apply, the alleged damage would be excluded under the Policy. Plaintiffs assert, and State Farm concedes, that the Policy provides coverage for accidental and direct physical loss to plaintiffs' swimming pool, subject to the terms, limitations, conditions, and exclusions set forth in the Policy. Specifically, plaintiffs assert that their swimming pool is a "dwelling extension," as defined by the Policy. The Policy "insure[s] for accidental direct physical loss" to a covered dwelling extension, "except as provided in SECTION I – LOSSES NOT INSURED." (ECF No. 10-1 at 23.) The loss to plaintiffs' swimming pool, therefore, is covered under the Policy unless one of the exclusions set forth in SECTION I – LOSSES NOT INSURED applies.

State Farm argues that the loss is excluded under the Policy, even accepting as true the cause identified by plaintiffs' independent contractor. State Farm contends that the alleged loss is

excluded under paragraph 2, item c, subsection 3 of SECTION I – LOSSES NOT INSURED

(the "Water Damage Exclusion"). The pertinent provision states:

> 2. We do not insure under any coverages for any loss which would not have
> occurred in the absence of one or more of the following excluded events.  We do
> not insure for such loss regardless of: (a) the cause of the excluded event; or (b)
> other causes of the loss; or (c) whether other causes acted concurrently or in any
> sequence with the excluded event to produce the loss; or (d) whether the event
> occurs suddenly or gradually, involves isolated or widespread damage, arises from
> natural or external forces, or occurs as a result of any combination of these.
> […]
> c. **Water Damage**, meaning:
> […]
> (3) water below the surface of the ground, including water which exerts pressure
> on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming
> pool or other structure.

(ECF No. 10-1 at 26.) State Farm contends that the alleged damage to plaintiffs' swimming pool

was, in part, caused by "water below the surface of the ground…which exert[ed] pressure

on…a…swimming pool" and is therefore expressly excluded by the Water Damage Exclusion.

     State Farm also contends that the damage to the swimming pool is expressly excluded

under paragraph 1, subsection c of SECTION I – LOSSES NOT INSURED (the "Water Pressure

Exclusion"). The pertinent provision states:

> 1. We do not insure for any loss to the property described in Coverage A which consists
> of, or is directly and immediately caused by, one or more of the perils listed in items a.
> through n. below, regardless of whether the loss occurs suddenly or gradually, involves
> isolated or widespread damages, arises from natural or external forces, or occurs as a
> combination of these:
> […]
>> c. freezing, thawing, pressure or weight of water or ice, whether driven by wind
>> or not, to a swimming pool, hot tub or spa, including their filtration and
>> circulation systems, fence, pavement, patio, foundation, retaining wall,
>> bulkhead, pier, wharf or dock[.]

(ECF No. 10-1 at 25.) State Farm argues that the Water Pressure Exclusion applies to loss that is "directly and immediately caused" by the "pressure or weight of water… to a swimming pool" and that plaintiffs' alleged loss is, therefore, excluded under the Policy.

Plaintiffs respond that the Water Pressure Exclusion and Water Damage Exclusion are ambiguous and should therefore be construed in their favor. Plaintiffs allege that the proximate cause of the damage was the act of draining the pool of water – had the pool been full of water, the buildup of water beneath it would not have created sufficient pressure to raise the liner of the pool. The damage, plaintiffs allege, was therefore caused by two concurrent events: the buildup of water beneath the pool and the performance of maintenance. The Water Damage Exclusion expressly applies regardless of the existence of concurrent causes. The Water Pressure Exclusion does not address the possibility of concurrent causes. Plaintiffs argue that this difference between the two exclusions renders both provisions ambiguous with respect to concurrent causation.

State Farm contends that even if the performance of maintenance was the primary cause of loss, the damage to plaintiffs' swimming pool is excluded under paragraph 3 of SECTION I – LOSSES NOT INSURED (the "Maintenance Exclusion"). The pertinent provision states:

> 3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:
>
> a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;
>
> b. defect, weakness, inadequacy, fault or unsoundness in:
>     (1) planning, zoning, development, surveying, siting;
>     (2) design, specifications, workmanship, construction, grading, compaction;
>     (3) materials used in construction or repair; or
>     (4) maintenance;

of any property (including land, structures, or improvements of any kind) whether
on or off the residence premises[.]

(ECF No. 10-1 at 26-27.)

"The basic principles of law governing insurance policy interpretation are well-settled in

Pennsylvania." Regents of Mercersburg College v. Republic Franklin Ins. Co., 458 F.3d 159, 171

(3d Cir. 2006) (citing E. Associated Coal Corp. v. Aetna Cas. & Surety Co., 632 F.2d 1068, 1075

(3d Cir. 1980)). "The goal of interpreting an insurance policy, like the goal of interpreting any

other contract, is to determine the intent of the parties." Id. "It begins where it must-the language

of the policy." Id. (citing Madison Const. Co. v. Harleysville Mut. Ins. Co., 735 A.2d 100, 106

(Pa. 1999) ("The polestar of our inquiry ... is the language of the insurance policy.")).

Under Pennsylvania law, the interpretation of an insurance contract is a matter of law for

the court. Lexington Ins. v. Western Penn. Hosp., 423 F.3d 318, 323 (3d Cir.2005). Where the

language of the insurance contract is clear and unambiguous, a court is required to give effect to

that language; where, however, a provision of a policy is ambiguous, the policy provision is to be

construed in favor of the insured and against the insurer, the drafter of the agreement. Id. at 323

(quoting Gene & Harvey Builders, Inc. v. Pennsylvania Mfrs.' Ass'n, Ins. Co., 517 A.2d 910, 913

(Pa. 1986)). "Contractual language is ambiguous 'if it is reasonably susceptible of different

constructions and capable of being understood in more than one sense.'" Regents of Mercersburg

College, 458 F.3d at 172 (quoting Hutchison v. Sunbeam Coal Co., 519 A.2d 385, 390 (Pa.

1986)); Lexington Ins., 423 F.3d at 323 (quoting Hutchinson, 519 A.2d at 390). "Courts should

not, however, distort the meaning of the language or strain to find an ambiguity." Id. (citing

Steuart v. McChesney, 444 A.2d 659, 663 (Pa. 1982)); USX Corp. v. Liberty Mut. Ins. Co., 444

F.3d 192, 198 (3d Cir. 2006) ("[I]n Pennsylvania, and no doubt elsewhere, '[c]lear policy

language ... is to be given effect, and courts should not torture the language to create ambiguities

but should read the policy provisions to avoid it.'") (quoting <u>Selko v. Home Ins. Co.</u>, 139 F.3d 146, 152 n. 3 (3d Cir.1998)).

Upon review of the plain language of the Water Damage Exclusion, it is clear that the Policy does not cover the alleged damage. The Water Damage Exclusion states that the Policy does not provide coverage for loss caused by "water below the surface of the ground…which exerts pressure on… a… swimming pool[;]" neither party argues that  this provision is ambiguous or unclear. Plaintiffs allege that the damage was caused, in part, by a buildup of water beneath the surface of their in-ground swimming pool. The alleged damage falls squarely within the express terms of the Water Damage Exclusion.

The Water Damage Exclusion applies "regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss[.]" (ECF No. 10-1 at 26.) Other courts considering similar provisions related to concurrent causation have found this type of language to be clear, unambiguous, and enforceable. <u>See</u> <u>Colella v. State Farm Fire and Cas. Co.</u>, 407 F. App'x 616 (3d Cir. 2011); <u>Pisano v. Nationwide Mut. Fire Ins. Co.</u>, Civ. Action No. 08-2524, 2009 WL 3415278, at * (E.D. Pa., Oct. 21, 2009). In <u>Colella</u>, the Third Circuit Court of Appeals considered a similar water damage exclusion that contained a lead-in clause that is identical to the provision at issue here. In <u>Colella</u>, the alleged damage was caused by multiple concurrent events, one of which was covered under the plaintiff's insurance policy, while two concurrent causes were excluded. The court, considering the lead-in clause, found "no way to interpret the words 'regardless of cause' in a manner that provides coverage[.]" <u>Colella</u>, 407 F. App'x at 621-22.

This court finds that the lead-in clause to the Water Damage Exclusion in the Policy is unambiguous and must be given effect. Plaintiffs' allegation that the performance of maintenance was a concurrent cause of the alleged damage to plaintiffs' swimming pool is, therefore, irrelevant. The damage alleged in plaintiffs' complaint is excluded under the Policy, and plaintiffs, therefore, did not plead a cognizable claim for breach of contract. Because the alleged loss is clearly excluded under the Water Damage Exclusion, the court need not address whether the Water Pressure Exclusion or Maintenance Exclusion applies.

**V.**     **Motion to Dismiss Count Two: Bad Faith Insurance Practices**

Plaintiffs assert that State Farm committed bad faith insurance practices by denying coverage for the damage to their swimming pool. At the outset the court notes that a claim for "bad faith is generally an independent cause of action separate from the contract claim." Palmisano, 2012 WL 3595276 at *11; see Gold v. State Farm Fire and Cas. Co., 880 F. Supp. 2d 587, 597 (E.D. Pa. 2012). "Plaintiffs are not precluded from potentially recovering under a bad faith theory solely because the contractual limitations period has been enforced and the breach of contract claim has been dismissed." Palmisano, 2012 WL 3595276 at *11.

Pennsylvania's Bad Faith Insurance Practices statute, 42 Pa. Cons. Stat. § 8371, states as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>> (2) Award punitive damages against the insurer.
>> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. § 8371. The Pennsylvania Superior Court has defined bad faith in the context of an insurance coverage dispute as:

any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (*i.e.,* good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Terletsky v. Prudential Prop. and Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)).  "[I]n order to recover in a bad faith action, the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis." Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364, 365 (Pa. 2017); see Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005).

"Resolution of a coverage claim on the merits in favor of the insurer requires dismissal of a bad faith claim premised on the denial of coverage, because under the circumstances the insurer necessarily has a reasonable basis for denying benefits." Gold v. State Farm Fire and Cas. Co., 880 F. Supp. 2d 587, 597 (E.D. Pa. 2012) (citing Frog, Switch, & Mfg. Co., Inc. v. Travelers Ins. Co., 193 F.3d 742, 751 n. 9 (3d Cir. 1999)). "However, if bad faith is asserted as to conduct beyond a denial of coverage, the bad faith claim is actionable as to that conduct regardless of whether the contract claim survives." Id. at 598 (citing Gallatin Fuels, Inc. v. Westchester Fire Ins. Co., 244 F. App'x 424, 435 (3d Cir. 2007)). In Gold, the court denied the insurer's motion for summary judgment with respect to plaintiff's claim for bad faith for failure to conduct an adequate investigation. There, the plaintiff disputed the cause of damage identified by the insurer and asked for an on-site investigation. No on-site investigation was conducted; instead, the insurer conducted a cursory review of the claim via telephone that took a total of twelve minutes. In addition, the plaintiff offered to have an independent investigation conducted,

but the insurer stated that an independent investigation was not necessary. The court in <u>Gold</u> held that all the evidence presented, considered in a light most favorable to the plaintiff, could constitute bad faith for failure to conduct an adequate investigation. The court explained, however, that "[t]he length of [the insurer's] review itself does not demonstrate bad faith." <u>Id</u>. at 599.

 "In the bad faith context, district courts have required more than 'conclusory' or barebones' allegations that an insurance company acted in bad faith by listing a number of generalized accusations without sufficient factual support." <u>Palmisano</u>, 2012 WL 3595276 at *12 (dismissing bad faith claim where the insured asserted nothing more than general and conclusory allegations); <u>see</u> <u>Sypherd Enterprises v. Auto-Owners Ins. Co.</u>, 420 F. Supp. 3d 372, 380-81 (W.D. Pa. 2019). In <u>Sypherd</u>, the plaintiff argued that the insurer acted in bad faith by conducting a brief investigation into the alleged water damage. Had the insurer conducted a thorough investigation, the plaintiff argued, the insurer would have discovered that the damage was caused in part by a concurrent event that was covered by the insurance policy. The court in <u>Sypherd</u> held, however, that additional investigation would not have changed the insurer's decision to deny coverage and that the insurer had not acted in bad faith.

To the extent that plaintiffs' claim for bad faith is premised on State Farm's denial of coverage, the resolution of the coverage claim on the merits, as discussed above, requires dismissal. To the extent that plaintiffs' claim for bad faith is premised on State Farm's failure to conduct an adequate investigation, plaintiffs did not assert sufficient factual allegations in their amended complaint to support a cognizable claim. Plaintiffs' bare statement that State Farm "lacked a reasonable basis in denying the benefits under the policy, and [sic] knew of or recklessly disregarded its lack of reasonable basis in denying the claim" is nothing more than a

conclusory statement containing no assertion of fact. (ECF No. 10 ¶ 26.) The only factual allegation in the amended complaint supporting a claim for a bad faith investigation is the assertion that the State Farm "adjuster spent less than five minutes looking at the pool." (Id. ¶ 14.) Though the duration of the adjuster's inspection might be relevant to a claim of bad faith, it does not itself demonstrate bad faith. Even accepting this allegation as true, plaintiffs did not plead sufficient facts to support a cognizable claim of bad faith for failure to conduct an adequate investigation.

## VI.    <u>Conclusion</u>

For the foregoing reasons, State Farm's Motion to Dismiss (ECF No. 11) will be GRANTED. Ordinarily, upon dismissing a complaint, a court must grant the opportunity to amend, if amendment can cure the deficiencies in the complaint. Where, however, amendment would be inequitable or futile, the court may dismiss the complaint without leave to amend. <u>Phillips</u>, 515 F.3d at 236; <u>Shane</u>, 213 F.3d at 116. Accordingly, the breach of contract claim asserted in Count I of the First Amended Complaint is dismissed with prejudice because any amendment would be futile. The bad faith insurance practices claim asserted in Count II of the First Amended Complaint is dismissed without prejudice. Failure to file an amended complaint with 20 days of the order granting State Farm's Motion to Dismiss will result in Count II of the First Amended Complaint being dismissed with prejudice.

An appropriate order will be entered.

BY THE COURT,

Dated: August ___, 2020                               /s/ JOY FLOWERS CONTI
                                                      Joy Flowers Conti
                                                      Senior United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JANET PALEK and RICHARD PALEK**, | ) Civil No.   20-170 |
| | ) |
| | ) SENIOR JUDGE JOY FLOWERS CONTI |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | ) |
| | ) |
| Defendant. | ) |

**<u>ORDER</u>**

AND NOW, this ___<sup>th</sup> day of August, 2020, for the reasons set forth in the accompanying memorandum opinion, IT IS HEREBY ORDERED that the Motion to Dismiss for Failure to State a Claim (ECF No. 11) filed by defendant State Farm Fire and Casualty Company is GRANTED with prejudice as to the breach of contract claim asserted in Count I of the First Amended Complaint and without prejudice as to the bad faith insurance practices claim asserted in Count II of the First Amended Complaint. Failure to file an amended complaint with 20 days of the order granting State Farm's Motion to Dismiss will result in Count II of the Amended Complaint being dismissed with prejudice.

IT IS SO ORDERED.

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Judge

16